IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DANNY LEE WARNER, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>TERRI SEFALO, LYNN GUYER, JIM SALMONSON, REGINA DEES-SHEFFIELD, SUSAN TRUEAX, PATRICK MCTIGHE, CYNTHIA WOLKEN, CHIEF HENSON, JOHN/JANE DOE 1-5,<br><br>Defendants. | CV-19-00003-GF-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Danny Warner, a state prisoner proceeding without counsel, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging Defendants violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) 42 U.S.C. § 2000, et seq. and the First, Fifth, Eighth, and Fourteenth Amendments. (Complaint, Doc. 2.) The Court screened Mr. Warner's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b) and required Defendants to file a response to the Complaint. (Doc. 7.) Mr. Warner has now filed a motion for temporary restraining order and preliminary injunction (Doc. 13) and a motion for entry of default (Doc. 17). Default is not appropriate as Defendants Henson and McTighe have timely responded to Mr. Warner's Complaint. The motion for injunctive

1

relief should be denied.

## I. MOTION FOR INJUNCTIVE RELIEF

After the Defendants waived service but prior to an Answer being filed, Mr. Warner filed a Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 13.) Defendants filed a Response to the motion for preliminary injunction arguing that the motion should be denied because Mr. Warner is not likely to succeed on the merits of his claims and he is unable to show any likelihood of irreparable injury or that the balance of the equities and public interest would be served by granting his request for preliminary injunctive relief. (Doc. 16.)

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citations omitted). It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment. *Textile Unlimited, Inc.* v. *A.. BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001). In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted). "A plaintiff seeking a preliminary

2

injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted).

*Winter* does not expressly prohibit use of a "sliding scale approach to preliminary injunctions" whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance/or the Wild Rockies* v. *Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit recognizes one such "approach under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." *Id.* (citations and internal quotation marks omitted).

A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994).

Mr. Warner is seeking a temporary restraining order and preliminary injunction against Defendants ordering that they "cease discrimination, harassment, and retaliation immediately." (Doc. 13.) On May 29, 2019, this Court issued an order requiring Defendants to respond to his Complaint. Mr. Warner contends that since then a set of "runes" was removed from his cell, he was validated as STG and disciplined for STG behavior, and his cell has been searched an average of three times a week. He contends these actions were done in retaliation for the filing of his Complaint. (Warner Declaration, Doc. 13-2.)

Defendants admit that the homemade "runes" which Mr. Warner constructed out of toilet paper were confiscated because inmates are not allowed to construct homemade game pieces. Defendants also submitted evidence that Mr. Warner was designated as a white supremacist based upon evidence in his prison file and because he signed a birthday card with the statement, "a stiff Arm Salute" which the prison determined was prohibited STG activity. Further, Defendants have submitted evidence that the searches of Mr. Warner's cell are typical and routine.

Mr. Warner has not established that he will suffer irreparable harm without the issuance of an injunction against the prison. While some of the incidents described by Mr. Warner are suspicious, Defendants have produced evidence of a

4

reasonable penological justification for the incidents of which Mr. Warner is complaining. Mr. Warner has not established how he will be irreparably harmed until a final determination on the merits of his claims can be made.

Further, the Court will not interfere with future disciplinary issues regarding Mr. Warner at this juncture. The function of a preliminary injunction is to preserve the status quo pending a determination on the merits. *Chalk v. U.S. Dist. Court*, 840 F.2d 701, 704 (9th Cir. 1988). As such, there is heightened scrutiny where the movant seeks to alter rather than maintain the status quo. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993) (holding that mandatory, as opposed to prohibitory, injunctions are "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party"). In addition, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).

Here, Mr. Warner seeks injunctive relief in the form of an order mandating prison officials to cease disciplining him and searching his cell in retaliation for exercising his constitutional rights. The Court finds that the relief Mr. Warner is seeking would potentially interfere with the operation of the prison and therefore have an adverse impact on public safety and/or the operation of the criminal justice system. The Court will not issue an all-encompassing order prohibiting the prison from disciplining Mr. Warner or searching his cell. Although Mr. Warner's allegations in his Complaint have been found to be sufficient to state a cognizable claim, they are not sufficient to make the required showing that he is entitled to immediate injunctive relief. The motion for preliminary injunctive relief should be denied.

## II. MOTION FOR DEFAULT

Mr. Warner has also filed a request for entry of default arguing that Defendant McTighe and Henson failed to plead or otherwise defend as provided in Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 17.) Rule 55(a) provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Defendants McTighe and Henson filed a waiver of service on June 18, 2019 (Doc. 10) and filed their Answer to Warner's Complaint on July 29, 2019 (Doc. 15). There is no basis for default and the request will be denied.

Based on the foregoing, the Court issues the following:

## ORDER

Mr. Warner's request for entry of default (Doc. 17) is DENIED.

Further, the Court issues the following:

## RECOMMENDATIONS

Mr. Warner's motion for temporary restraining order and preliminary injunction (Doc. 13) should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Warner may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Warner is being served by mail, he is entitled an additional three days after the period would otherwise expire.

7

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 13th day of September, 2019.

                              */s/ John Johston*
                              John Johnston
                              United States Magistrate Judge