# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| DANNY LEE WARNER<br><br>               Plaintiff,<br>vs.<br><br>TERRIE STEFALO, LYNN GUYER, JIM SALMONSEN, REGINA DEES-SHEFFIELD, SUSAN TRUEAX, PATRICK MCTIGHE, CYNTHIA WOLKEN, CHIEF HENSON, JOHN/JANE DOE 1-5,<br><br>               Defendants. | CV 19-03-GF-BMM-JTJ<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |

Plaintiff Danny Lee Warner ("Warner") filed a pro se Complaint under 42 U.S.C. § 1983, alleging claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000, *et seq.*, and the First, Fifth, Eighth, and Fourteenth Amendments. (*See* Doc. 2.) United States Magistrate Judge John Johnston had a duty to screen Warner's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A(b). Judge Johnston reviewed the Complaint and ordered Defendants to file a response. (*See* Doc. 7.)

1

Warner then filed a motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI") (Doc. 13) and a motion for Entry of Default (Doc. 17). Judge Johnston issued Findings and Recommendations for both motions in which he denied the motion for Entry of Default and recommended that the motion for a TRO and PI be denied. (Doc. 20.) Judge Johnston determined that Warner failed to show that he would suffer irreparable harm without an injunction. *Id.* at 4-5. Judge Johnston also determined that imposing an injunction would "interfere with the operation of the prison and therefore have an adverse impact on public safety and/or the operation of the criminal justice system." *Id.* at 6. Warner timely filed an objection to Judge Johnston's Findings and Recommendations. (Doc 23.)

The Court reviews de novo Findings and Recommendations to which a party timely objected. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations to which a party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a reargument of the same arguments set forth in the original response, however, the Court will review the applicable portions of the findings and recommendations for

2

clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Warner objects to Judge Johnston's application of the well-established burden that Warner must satisfy to receive a temporary restraining order. (*See id.* at 1.) He claims that Judge Johnston's application of *Winter* "creates a burden too high for the movant to meet particularly in the case of pro se prisoner litigants." (*Id.*) Warner offers no legal authority for applying anything other than the *Winter* standard. And his application for a TRO fails even if construed liberally in light of Warner's pro se status. The Court finds that Judge Johnston's Findings and Recommendations survive *de novo* review.

**IT IS ORDERED:** Judge Johnston's Findings and Recommendations (Doc. 20) are **ADOPTED IN FULL**.

DATED this 18th day of November, 2019.

_____
Brian Morris
United States District Court Judge