IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DANNY LEE WARNER, JR., | CV-19-00003-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| TERRI SEFALO, LYNN GUYER, JIM SALMONSON, REGINA DEES-SHEFFIELD, SUSAN TRUEAX, PATRICK MCTIGHE, CYNTHIA WOLKEN, CHIEF HENSON, JOHN/JANE DOE 1-5, | |
| Defendants. | |

Plaintiff Danny Warner has filed a Motion for Order Compelling Discovery (Doc. 44), an "Emergency Motion for TRO to Gain Access to Law Library" (Doc. 47), and a Motion to Strike (Doc. 52). The Court will deny the motions to compel and to strike and recommends that the motion for a TRO be denied.

## I. MOTION TO COMPEL

Mr. Warner first moves for an order requiring Defendants to produce materials from his STG file and memos or emails about him that he has seen but which were not produced by Defendants. Defendants contend the STG information was collected as part of an ongoing investigation into Mr. Warner's involvement with White Supremacist organizations. Defendants argue this information is not relevant to a just determination of Mr. Warner's claims. (Doc.

48.)

This matter concerns Mr. Warner's claims that Defendants violated his religious rights.  Specifically he claims he has been and continues to be denied his right to properly practice his religion, has been refused a sacred outdoor space with a firepit, a qule feast with pork, the ability to hold ceremonies, and denied a set of runes, natural fruit juice, herbs, and various practices.  He claims he was denied due process when his poetic edda and runes were disposed of without due process. He also claims he has been denied equal protection of the laws in that he is unable to practice his religion despite Native Americans receiving the same or similar accommodations.  (Disclosure, Doc. 24 at 2-3.)

Mr. Warner has made no showing regarding how the specific STG information at issue is relevant to these claims.  The MSP Defendants represent they have no intention of using this STG information in defense of Mr. Warner's claims.  (Doc 48 at 4.)  The Crossroads Defendants indicated that there may be a question regarding the sincerity of Mr. Warner's religious belief based upon his prior and recent history with white supremist groups.  (CCC Disclosure, Doc. 32 at 3-4.)  But Mr. Warner has made no showing that the particular documents being maintained by Montana State Prison for security purposes are necessary to demonstrate his sincerely held religious beliefs.  Mr. Warner is free to inquire from the Crossroads Defendants which documents they intend to rely on regarding his

"prior and recent history with white supremist groups" but in light of the security interests demonstrated by the MSP Defendants, the Court will not at this time order the disclosure of the information Mr. Warner seeks. Should this become an issue in motions for summary judgment and/or at trial, Mr. Warner may raise the issue anew. The motion to compel will be denied.

## II. MOTION FOR TRO TO GAIN ACCESS TO LAW LIBRARY

Mr. Warner seeks an emergency order directing Defendant Lynn Guyer and his subordinates to give him access to the law library. (Doc. 47.) Mr. Warner signed his affidavit in support of his motion on February 21, 2020 indicating that he had been denied access to the law library since February 13, 2020. (Doc. 47-1.) Defendants responded that on February 12, 2020, Mr. Warner's Unit Manager discovered several missing tablets which inmates use for legal research. She, therefore, temporarily suspended tablet pass. On February 20, 2020, the Unit Manager reinstituted table pass in the Unit but because Mr. Warner and other inmates were suspected of misusing the tablets, they were continued on the tablet restriction. Mr. Warner was given a modified tablet pass on February 27, 2020 after receiving a disciplinary write-up for misusing the tablets. On March 5, 2020, Mr. Warner's tablet privileges were restored in full. (Doc. 50.)

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008)

(citations omitted).  It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment.  *Textile Unlimited, Inc.* v. *A..BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001).  In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."  *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter*, 555 U.S. at 20 (citations omitted).

*Winter* does not expressly prohibit use of a "sliding scale approach to preliminary injunctions" whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another."  *Alliance/or the Wild Rockies* v. *Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).  The Ninth Circuit recognizes one such "approach under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor."  *Id.* (citations and internal quotation marks omitted).

A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original).  A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994).

The function of a preliminary injunction is to preserve the status quo pending a determination on the merits.  *Chalk v. U.S. Dist. Court*, 840 F.2d 701, 704 (9th Cir. 1988).  As such, there is heightened scrutiny where the movant seeks to alter rather than maintain the status quo.  *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993) (holding that mandatory, as opposed to prohibitory, injunctions are "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party").

Mr. Warner has not met his burden of persuasion that he is likely to suffer irreparable harm based upon the 22-day suspension in part and/or in full of his tablet privileges.  *See Winter*, 555 U.S. at 20 (citations omitted).  As it appears that Mr. Warner's research privileges have been returned, he cannot demonstrate irreparable injury.  While Mr. Warner argues that he clearly framed his motion as a retaliation claim rather than a denial of access to the courts claim (Doc. 51 at 2), the title of the motion is a motion for TRO to gain access to the law library.  The

Court should not engage in an all-encompassing consideration of the Prison and the Department of Corrections handling of Mr. Warner's incarceration.  This matter is about alleged violations of Mr. Warner's religious rights and the Court's focus should remain primarily with those issues.

Further, the Prison Litigation Reform Act mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.  The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).  Mr. Warner seeks injunctive relief regarding the Prison's use of disciplinary procedures pertaining to his use of legal tablets.  The Court finds that the relief Mr. Warner seeks would potentially interfere with the operation of the Prison and therefore would have an adverse impact on public safety and/or the operation of the criminal justice system.  The Court should not issue an all-encompassing order such as the one requested by Mr. Warner.  Further, the Court should not disrupt the Prison's chosen method of providing access to legal research through tablets as opposed to physical access to the law library.

The motion for temporary restraining order and injunctive relief and request for hearing should be denied.

## III.  MOTION TO STRIKE

The motion to strike will be denied.  Mr. Warner has pointed out what he believes are discrepancies with the Affidavit of Wendy Zuber.  While he disputes the testimony of Ms. Zuber, he provided no conclusive proof of perjured testimony.

Based upon the foregoing, the Court issues the following:

<strong>ORDER</strong>

1.  Mr. Warner's Motion to Compel is DENIED.

2.  Mr. Warner's Motion to Strike (Doc. 52) is DENIED.

Further, the Court issues the following

<strong>RECOMMENDATIONS</strong>

Mr. Warner's Emergency Motion for TRO to Gain Access to Law Library (Doc. 47) should be DENIED.

<strong>NOTICE OF RIGHT TO OBJECT TO FINDINGS &<br>RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT</strong>

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure

---

[1]Mr. Warner is entitled an additional three days after the period would otherwise expire.

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 27th day of March, 2020.


  */s/ John Johnston*　　　　
John Johnston
United States Magistrate Judge