**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| DANNY LEE WARNER, JR.,<br><br>          Plaintiff,<br><br>vs.<br><br>TERRI SEFALO, LYNN GUYER, JIM SALMONSON, REGINA DEES-SHEFFIELD, SUSAN TRUEAX, PATRICK MCTIGHE, CYNTHIA WOLKEN, CHIEF HENSON, JOHN/JANE DOES 1-5,<br><br>          Defendants. | **CV 19-03-GF-BMM-JTJ**<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S ORDER AND FINDINGS AND RECOMMENDATIONS** |

Plaintiff Danny Warner, Jr. ("Warner"), filed a Motion for Order Compelling Discovery (Doc. 44), an "Emergency Motion for TRO to Gain Access to Law Library" (Doc. 47), and a Motion to Strike (Doc. 52). United States Magistrate Judge John T. Johnston issued Findings and Recommendations on March 27, 2020. (Doc. 54.) Judge Johnston denied Plaintiff's Motion to Compel and Motion to Strike. (*Id.* at 7.) Judge Johnston also recommended that Plaintiff's Emergency Motion for TRO to Gain Access to Law Library be denied. (*Id.*) Warner filed an Objection to Judge Johnston's Order and Findings and

1

Recommendation on April 10, 2020. (Doc. 57.) Warner does not object to Judge

Johnston's denial of his Motion to Strike.

## I.    MOTION TO COMPEL

Magistrate judges may resolve certain pretrial matters under 28 U.S.C.

§ 636(b)(1)(A) without issuing findings and recommendations to an Article III

judge. Section 636(b)(1)(A) provides a list of motions that a magistrate judge may

not resolve. The list contains no mention of motions to compel. An Article III

judge may reconsider an order issued under § 636(b)(1)(A) if a party shows that

the order was clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A).

Judge Johnston may issue a final order on Warner's Motion to Compel

under § 636(b)(1)(A). In that order, Judge Johnston stated that Warner had not

shown that the specific information that he sought proved relevant to the claims.

(Doc. 54 at 2.) Judge Johnston determined that "Mr. Warner has made no showing

that the particular documents being maintained by Montana State Prison for

security purposes are necessary to demonstrate his sincerely held religious beliefs."

(*Id.*) Warner has failed to make a showing that Judge Johnston's order was clearly

erroneous or contrary to law.

## II.    MOTION FOR TRO TO GAIN ACCESS TO LAW LIBRARY

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court will conduct a *de novo* review of those portions of the findings and recommendations to which any objection is timely made. *Id*.

A preliminary injunction stands as an "extraordinary and drastic remedy" that courts never award as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment. *Textile Unlimited, Inc., v. A..BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001). A plaintiff seeking a preliminary injunction must show the following elements: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008) (citations omitted). The court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at 24. A preliminary injunction "should not be granted unless the movant, *by a clear*

*showing*, carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072

(9th Cir. 2012) (citations omitted, emphasis in original).

The Prison Litigation Reform Act requires prisoner litigants to meet

additional requirements when seeking preliminary injunctive relief against prison

officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further
> than necessary to correct the harm the court finds requires preliminary
> relief, and be the least intrusive means necessary to correct that harm.
> The court shall give substantial weight to any adverse impact on public
> safety or the operation of a criminal justice system caused by the
> preliminary relief and shall respect the principles of comity set out in
> paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Section 3626(a)(2) "operates simultaneously to restrict the

equity jurisdiction of federal courts and to protect the bargaining power of prison

administrators—no longer may courts grant or approve relief that binds prison

administrators to do more than the constitutional minimum." *Gilmore v. People of*

*the State of California*, 220 F.3d 987, 999 (9th Cir. 2000).

Judge Johnston found that Warner had not shown that he stands to suffer

irreparable harm because his access to the law library has been reinstated in full.

(Doc. 54 at 5.) Judge Johnston also found that Warner's requested relief

improperly would interfere with the operation of the Prison and would have an

adverse impact on public safety. (*Id*. at 6.) Warner objects that Judge Johnston

4

"misapprehend[ed] the evidence." (Doc. 57 at 3.) To support this objection,

Plaintiff restates the same arguments raised in his Emergency Motion (Doc. 47),

including concerns that he cannot properly respond to Defendants' legal

arguments. (Doc. 57 at 4.) Since filing his Objection on April 10, 2020, Plaintiff

has filed several Motions, including a Supplement to his Objections (Doc. 58) on

April 15, 2020, a Motion for Alternative Dispute Resolution (Doc. 59) on April 24,

2020, a Motion to Compel and Brief in Support (Docs. 60-61) on May 4, 2020, a

Reply to Defendants' Response to Plaintiff's Motion to Compel (Doc. 66) on May

26, 2020, an additional Reply to Defendants' Response to Plaintiff's Motion to

Compel (Doc. 67) on May 28, 2020, and a Motion to Expedite (Doc. 68) on June 1,

2020. Plaintiff bears the burden of showing entitlement to the "extraordinary and

drastic remedy" of preliminary injunctive relief. *Munaf,* 553 U.S. at 689-90.

Having conducted a *de novo* review, the Court agrees with the Magistrate Judge

that Plaintiff has not satisfied this burden.

Accordingly, **IT IS ORDERED** as follows:

1.  Plaintiff Warner's Motion to Compel (Doc. 44) is **DENIED**.

2.  Judge Johnston's Recommendations (Doc. 54) are **ADOPTED IN FULL**

and Plaintiff Warner's Emergency Motion for TRO to Gain Access to Law Library

(Doc. 47) is **DENIED**.

DATED this 4th day of June, 2020.


_____
Brian Morris, Chief District Judge
United States District Court

6