# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| DANNY LEE WARNER, JR., <br><br> Plaintiff, <br><br> vs. <br><br> TERRI STEFALO, LYNN GUYER, JIM SALMONSON, REGINA DEES-SHEFFIELD, SUSAN TRUEAX, PATRICK MCTIGHE, CYNTHIA WOLKEN, CHIEF HENSON, JOHN/JANE DOES 1-5, <br><br> Defendants. | CV-19-03-GF-BMM-JTJ <br><br> ORDER |

United States Magistrate Judge John Johnston issued an Order on January 22, 2021, directing Plaintiff Danny Lee Warner, Jr. to show cause as to why the Court should not impose sanctions against Warner for filing a false statement and attempting to mislead the Court. (Doc. 108 at 7). Judge Johnston informed Warner that he must show cause "within ten days of his receipt of this order." *Id.* Warner failed comply with the Show Cause Order within the allotted timeframe. Warner's untimely response provides no cause to dissuade the Court from dismissing Warner's claim for bad faith. (Doc. 109).

Judge Johnston issued Findings and Recommendations on February 12, 2021, recommending that this Court dismiss Warner's case with prejudice as a sanction for violating Fed. R. Civ. P. 11. (Doc. 109). Following issuance of the Findings and Recommendations, Warner filed an untimely Response to the Show Cause Order on February 22, 2021. (Doc. 110). Warner then filed an objection to the Findings and Recommendations on March 1, 2021. (Doc. 113). This Court reviews de novo those Findings and Recommendations to which a party timely objected. 28 U.S.C. § 636(b)(1).

The Findings and Recommendations detail Warner's conduct that formed the basis for the sanctions recommendation pursuant to Fed. R. Civ. P. 11. (Doc. 108 at 3–6). Warner filed a motion for a temporary restraining order in July 2019 (Doc. 13). Warner later filed a reply brief, with several attachments, in support of his motion. (Doc. 19). One such attachment—Appendix C—contains the Declaration of Aldabjarn Blodharn, the priest of the Heathen Hof, a national organization of Odinists. (Doc. 19-3 at 1). Warner, in his reply brief, references Appendix C as "expert testimony," submitted to support Warner's position that the actions of the Defendants in this matter unconstitutionally burden Warner's ability to practice his religion. (Doc. 19 at 5). The Declaration touts Mr. Blodharn's expertise in Odinist beliefs, and outlines the "basic foundation for Odinist practice." (Doc. 19-3 at 2–3). The Declaration, signed by Mr. Blodharn on August

9, 2019, concludes, "Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and correct." (Doc. 19-3 at 3). The Declaration lists Mr. Blodharn's address as located on Main Street in Kalispell, Montana.

Mr. Blodharn appears again in Warner's responsive filings to both sets of Defendants' motions for summary judgment. (Doc. 90-2 at 41; Doc. 99-2 at 50). Warner repeatedly cites Mr. Blodharn's new affidavit, signed August 5, 2020, in Warner's two Statements of Disputed Facts to establish the requirements of Odinism. *See, e.g.*, Doc. 91 at 31–33; Doc. 100 at 19–22). Warner refers to Mr. Blodharn's expert testimony frequently in his summary judgment responses, using Mr. Blodharn's statements in the Statement of Disputed Facts as support for Warner's assertions that Defendants have failed to respect his religious practices and have unconstitutionally burdened those practices. Warner, by his own hand, writes of Mr. Blodharn's affidavit that "Mr. Warner's expert testified . . . ." (Doc. 90 at 10).

In the Findings and Recommendations, Judge Johnston found that Danny Lee Warner, Jr. and Aldabjarn Blodharn are one and the same. (Doc. 108 at 3–4). A legal notice in the Silver State Post on October 30, 2019, stated that a hearing would occur at the Courthouse in Powell County, Montana, on November 26, 2019, on the petition of Danny Lee Warner, Jr. to change his name to Aldabjarn Heathen Blodharn. (Doc. 108 at 4). Warner never notified the Court of this name

change, although counsel for CoreCivic mentioned the fact in a footnote to a document in January 2020. (Doc. 37 at 2). The Court surmised that Warner's legal name change likely occurred on November 26, 2019. The Court found that Warner had attempted to mislead the Court by filing so-called "expert documents," separate from those filed under his own name, in an attempt to lend objectivity and credibility to the facts alleged. (Doc. 108 at 4).

Rule 11 of the Federal Rules of Civil Procedure gives the Court authority to sanction a party who signs a "pleading, written motion, or other paper" that lacks a basis in fact, stands unwarranted by existing law, was not made in good faith, or involves an improper purpose. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002). The Court may further impose sanctions on counsel or parties for conduct that willfully abuses the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). The Court's inherent powers find basis not in rule or statute, but in "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43 (internal citations omitted). The Court may use its inherent power to impose sanctions where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45–46 (internal citations omitted).

The Court gave Warner the requisite notice and opportunity to respond before making this sua sponte sanctions determination. *See Foster v. Wilson*, 504 F.3d 1046, 1052–53 (9th Cir. 2007). Warner argues in his objection to the Findings and Recommendations that his response to the Show Cause Order was timely, given constraints on the sending and receiving of mail while incarcerated. (Doc. 113). Warner insists that he maintained no ill will by not disclosing his name change to the Court, and instead withheld his name change to avoid "unnecessary confusion" and to promote "interests of judicial economy." (Doc. 110 at 2). Warner believes that Judge Johnston failed to construe pleadings in Warner's favor, by assuming that Warner intended to mislead the Court with his filings. (Doc. 110 at 3).

The Court has reviewed de novo the record, including Judge Johnston's Findings and Recommendations (Doc. 108) and Warner's objection (Doc. 110). The Court agrees that Warner attempted to mislead the Court by filing the "expert" Declarations of Aldabjarn Blodharn separately from filings submitted under Warner's own name. Warner separately filed these documents in an attempt to lend credibility and objectivity to those facts alleged within the Blodharn Declarations. Despite Warner's insistence that he lacked the requisite malintent for a bad faith ruling, the Court regards Warner's use of a Kalispell address for Blodharn as strong evidence of his intent to divert the Court's attention away from the true

identity of the "expert" Blodharn. The affiant, presumably, Warner, who signed those Declarations did so under penalty of perjury, after promising that "the foregoing was true and correct." The Court concludes that Warner submitted these documents with the improper purpose of deceiving the Court as to the nature of the factual record in this matter.

## ORDER

Accordingly, **IT IS HEREBY ORDERED:**

1. Warner's case is **DISMISSED** with prejudice as a sanction for his violation of Fed. R. Civ. P. 11.

2. The Clerk of Court is directed to enter, by separate document, a judgment in favor of Defendants.

Dated this 17th day of March, 2021.

_____
Brian Morris, Chief District Judge
United States District Court